IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHYLLIS RICH, *individually and in her capacity as the personal representative of the estate of Danny Clark Rich, deceased*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:24-cv-365-JTA ) (WO) |
| HYUNDAI MOTOR AMERICA, INC., | ) ) |
| Defendant. | ) |

# ORDER

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be undertaken at the earliest possible stage in the proceedings. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

On August 28, 2024, Plaintiff Phyllis Rich, individually[1] and as personal representative of the estate of Danny Clark Rich, deceased, filed an amended complaint in

---

[1] The legal representative of the estate retains his personal citizenship for purposes of determining diversity jurisdiction to the extent that the legal representative sues in his personal capacity. *Leyva v. Daniels*, 530 F. App'x 933, 934 (11th Cir. 2013) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994)). Plaintiff has adequately alleged that, in her individual capacity, she is a citizen of Tennessee, which does not destroy diversity jurisdiction. (Doc. No. 17 at 2 ¶ 1 (alleging that "Plaintiff Phyllis Rich is … a resident and domiciliary of Shelby

this action against Hyundai Motor Company, Inc. (Doc. No. 17.) Plaintiff asserts that this court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

"'Diversity jurisdiction requires complete diversity,' meaning that 'every plaintiff must be diverse from every defendant.'" *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Leyva v. Daniels*, 530 F. App'x 933, 934 (11th Cir. 2013)). 28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." In turn, the decedent "is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) (citing 28 U.S.C. § 1332(c)(2); *see also Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994)); *Youngblood v. Bradford*, No. 2:22-CV-386-JTA, 2024 WL 1143499, at *3 (M.D. Ala. Mar. 15, 2024). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).[2]

Upon review of the pleadings, it has come to the court's attention that Plaintiff failed to adequately allege the citizenship of the decedent, Danny Clark Rich. Accordingly, it is

---

County, Tennessee.")). Defendant is alleged to be "a corporation formed under the laws of South Korea and, with its principal place of business located in Seoul, South Korea." (*Id.* at 2 ¶ 2.)

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

ORDERED that **on or before September 16, 2024**, Plaintiff shall file, in writing, information and evidence sufficient for the court to determine where Danny Clark Rich was domiciled at the time of his death and whether complete diversity is satisfied such that diversity jurisdiction may be established in accordance with 28 U.S.C. § 1332.

DONE this 6th day of September, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE